IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ABDULLAH SALIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16−cv–1151−NJR |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| JACQUELINE LASHBROOK, | ) | |
| THOMAS A. SPILLER, and | ) | |
| RICHARD ARNOLD, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Abdullah Salik, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks a Halal or Kosher diet, compensatory damages, and punitive damages. (Doc. 1, p. 10). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In June 2015, Plaintiff requested a Halal or Lacto-ovo diet based on his religious affiliation as a Muslim. (Doc. 1, p. 38). Defendant Arnold, the chaplain, denied the request on June 9, 2015. (Doc. 1, p. 37).

Plaintiff alleges that around the same time, he also sent Arnold a request to participate in the Islamic fast of Ramadhan. (Doc. 1, p. 6). Arnold allegedly sent Plaintiff back a contract, stating that "I will participate in the Religious Prayer Qur'an reading etc., all to be done in the chapel." (Doc. 1, p. 6). Plaintiff dislikes chapel services because they are not led by an Iman, and when Plaintiff led prayer services a few years prior, he was issued a ticket for gang activity. (Doc. 1, p. 6). In light of that incident, Plaintiff prefers to worship in his cell by himself. (Doc. 1, p. 6). Plaintiff sent Arnold an altered contract that stated he would pray on his own and not participate in group chapel services. (Doc. 1, p. 6). Arnold told Plaintiff he had to attend chapel services in the evening during Ramadhan in order to participate in the fast and receive an evening meal tray. (Doc. 1, p. 6).

Plaintiff was removed from the Ramadhan list three days into the fast on June 20, 2015. (Doc. 1, p. 7). Other than refusing to attend chapel services, Plaintiff claims that he did not violate any other religious diet rules, such as eating or drinking during the day or eating food outside of his requested religious diet. (Doc. 1, p. 7).

Plaintiff was approved for a religious diet on September 2, 2015, however, the diet he received was a vegan diet instead of a Lacto-ovo or Halal diet. (Doc. 1, p. 9). Plaintiff requested to be removed from the vegan diet on January 5, 2016, because he was not receiving milk, cheese, or eggs, and the vegan diet was not a true religious diet. (Doc. 1, p. 9). Arnold and Warden Lashbrook granted the request on January 7, 2015,[1] but specified that Plaintiff would be removed from the diet on the last day of January 2016. (Doc. 1, p. 9).

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:** **Defendant Arnold violated Plaintiff's First Amendment rights to free exercise of religion when he denied him a religious diet in June 2015;**

**Count 2:** **Defendant Arnold violated Plaintiff's First Amendment rights to free exercise of religion when he substantially burdened Plaintiff's religious expression by conditioning his ability to fast during Ramadhan on participation in group worship;**

**Count 3:** **Defendants Arnold and Lashbrook violated Plaintiff's First Amendment rights and his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") to free exercise of religion when they substantially burdened his religious expression by placing him on a vegan diet instead of a halal or lacto-ovo diet as requested.**

---

[1] This may be a typo in the original document, as Plaintiff's timeline suggests that these events occurred in January 2016.

As to Plaintiff's First Amendment claims, an inmate is entitled to practice his religion under the First Amendment "insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990). A rule impinging on that right "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S.78, 89 (1987). Restrictions on access to religious services and other opportunities are reviewed under the four *Turner* factors: (1) whether there is a valid and rational connection between the regulation prohibiting access and a legitimate governmental interest to justify it; (2) whether there are alternative means of exercising the right to practice religion that remain open to inmates; (3) whether accommodation of the right to practice would have a significant impact on prison staff or other inmates; and (4) whether the regulation is reasonable in terms of allowing prisoners use of available alternatives. *Turner*, 482 U.S. at 78; *see also Beard v. Banks*, 548 U.S. 521 (2006).

Plaintiff has alleged that he was denied the religious diet he believes Islam requires. He has further alleged that his participation in an Islamic fast was unconstitutionally conditioned on participation in group worship services. He further alleges that when he was finally granted a religious diet, the diet was more restrictive than his religion requires when more appropriate diets were available at the prison. Plaintiff alleges that depriving him of food that he had no reason to avoid impermissibly burdened his religious expression. At this stage in the litigation, Plaintiff has articulated a claim based on his First Amendment rights to free exercise of religion in Counts 1-3.

Turning to the RLUIPA claim in Count 3, this statute provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general applicability, unless the

government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

Notably, money damages are not available to a plaintiff under RLUIPA. *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011) (money damages are not available in suits against a state under the RLUIPA; further, money damages cannot be awarded against public employees in their personal or individual capacities (citing *Sossamon v. Texas*, 563 U.S. 277 (2011)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *Nelson v. Miller*, 570 F.3d 868 (7th Cir. 2009)).

Plaintiff requests that he be placed on a Halal or Kosher diet. He has also named the current warden of Pinckneyville, Jacqueline Lashbrook, ostensibly in her official capacity. Lashbrook is an appropriate party for the purposes of injunctive relief. As Plaintiff has requested relief that may be available under the more generous pleading standards of RLUIPA, his claim will be permitted to proceed at this time, although the Court emphasizes that only injunctive relief is available and that Lashbrook only participates in this litigation in her official capacity as Warden of Pinckneyville.

The complaint also references the Religious Freedom Restoration Act, but as noted by Plaintiff, that act applies only to federal prisons and does not apply to state institutions. *See City of Boerne v. Flores*, 521 U.S. 507 (1997).

Although the Court will allow Plaintiff's claims to proceed beyond screening, two defendants must be dismissed at this time. Plaintiff's case caption lists Tom Spiller as a Defendant, yet Plaintiff's statement of claim makes no mention of him. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe

complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendant Spiller elsewhere in his Complaint, he has not adequately stated claims against him or put him on notice of any claims that Plaintiff may have against him. For this reason, Defendant Spiller will be dismissed from this action without prejudice.

Finally, Plaintiff cannot maintain his suit against the Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v.*

*Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Therefore, Defendant Illinois Department of Corrections will be dismissed from this action with prejudice.

### Pending Motions

Plaintiff's Motion to Appoint counsel will be referred to Magistrate Judge Donald G. Wilkerson for disposition. As Plaintiff has been already granted leave to proceed *in forma pauperis* ("IFP") and the Court is obligated to arrange service for incarcerated persons proceeding IFP, Plaintiff's Motion for Service of Process at Government Expense is **MOOT**. (Doc. 4).

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1**-**3** shall proceed in this litigation.

**IT IS FURTHER ORDERED** that Defendant Spiller will be **DISMISSED without prejudice**. Defendant Illinois Department of Corrections will be **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants Arnold and Lashbrook: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the

Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 1, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**